[Crim. No. 2668.   Third Dist.   Oct. 10, 1956.]

THE PEOPLE, Respondent, v. JAMES RODIS, Appellant.

Peter M. Koutchis and George E. Paras for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment of conviction of the crime of burglary in the second degree.

On the evening of June 7, 1955, when LaMotte H. Stinson left his drug store in Arbuckle, all of the doors and windows were intact and locked. The following morning when he opened the store he discovered that several radios, electric shavers, pens, cigarette lighters and watches were missing. He then examined the separate case where the narcotics were kept under lock and found that it had been opened and the contents taken. The safe had also been opened and approximately $600 to $700 was missing. The total value of all of the property taken amounted to approximately $1,500, the narcotics being valued at approximately $500. One or two of the panes in a window at the rear of the store had been previously broken and cardboard inserted in place of the broken panes. This window was covered with a screen on the outside and was approximately 9 feet above the ground. The screen showed that it had been torn off from the outside and that entry into the drug store had been made by removing some of the cardboard. The lock on the back door had been broken from the inside. A deputy sheriff of Colusa County investigated the scene on the morning of June 8 and found a fingerprint on the outside of the window. The fingerprint was removed by a process known as "transo-lift" which consists of dusting the fingerprint with a powder, placing a piece of Scotch tape over the print and then removing it. Following the arrest of the defendant his fingerprints were taken and were compared by a technician in the State Bureau of Criminal Identification who testified he had found them to be identical. One of the radios was recovered in a pawn shop in Sacramento and traced to two individuals who were in no way connected with the defendant herein, nor were they prosecuted. The

defendant's mother, brother and sister-in-law all testified that on the night in question defendant stayed at the home of his brother and sister-in-law in Sacramento; that he was last seen at approximately 2 a. m.; that he was still asleep at the hour of approximately 6 a. m.; and that he could not have left the house without the knowledge of the brother or sister-in-law. The defendant testified in his own behalf and denied ever having been in Arbuckle. Upon cross-examination he was asked by the district attorney if he had ever been addicted to the use of narcotics. Over the objection of his counsel, the prosecution was allowed to introduce a conversation with Sheriff Mayfield in which the defendant stated that he had once been an addict but had used no narcotics for approximately eight months. At the close of the prosecution's case, the defendant moved for a directed verdict, and at the close of defendant's case a similar motion was made, both of which were denied.

It is defendant's contention that the evidence was insufficient to justify the verdict; that the court committed prejudicial error in admitting over his objection evidence relative to his prior addiction; and that the court erred in denying his motion for a new trial.

Defendant's argument in support of his first contention is essentially that the mere showing of a fingerprint on the outside of the rear window of the store is insufficient to sustain a conviction of burglary in the second degree. It is true, as he contends, that in each of the cases cited and relied upon by the State, something more than fingerprints of the defendant was presented. But that is also true in the present case. Here the print appeared upon the outside of a window at the rear of the drug store, which window was more than 9 feet from the ground and protected by a screen on the outside; therefore, to gain access to the store through that window it was necessary for the person so doing to first obtain a ladder or other means to reach that height, and then to remove the screen before the window could be opened. Certainly such a factual circumstance removes the case from one wherein the fingerprints in question appeared upon an object more readily accessible than a window more than 9 feet from the ground. Likewise such a situation is entirely different from that presented in the case of *People* v. *Flores*, 58 Cal.App. 2d 764 [137 P.2d 767], the sole case cited and relied upon by defendant. It follows that under such circumstances the jury was entitled to draw the inference that the fingerprint

left on the outside of the window was made by the defendant in burglarizing the store.

■ It is well settled that a fact or facts relating to the guilt of an accused may be established by circumstantial as well as by direct evidence. ■ The right to draw proper inferences from the evidence is a function of the jury, and so long as its conclusions do not do violence to reason or challenge credulity, an appellate court is without power to substitute its finding of the ultimate fact. (*People* v. *Richards,* 74 Cal. App.2d 279 [168 P.2d 435].)

■ Defendant's second contention is equally without merit. Specifically he was asked, ''Are you or have you been a user of narcotics?'' Counsel's objection to the question was overruled, and the defendant testified, ''No, sir.'' Thereafter, for the purpose of impeachment and as noted above, the prosecution introduced evidence that the defendant in the course of a conversation with Sheriff Mayfield following his arrest, stated that he had been addicted to the use of narcotics, but that he had quit eight months before. We find no error in such interrogation by the district attorney. Here the evidence showed that a narcotic had been taken from a special, locked compartment; hence proof of the fact that defendant was or had been a user of narcotics would be evidence of the value of the drug to him as a user or as a seller, and hence was relevant on the issue of motive. The fact that such a question as was propounded by the district attorney called for an answer which might indicate other criminal offenses, did not of itself render the question improper or the evidence irrelevant. Again, as the court noted in the Richards case, the issue of motive is important, particularly in a case where the identity of the perpetrator of the offense is based largely on circumstantial evidence. The court there stated, ''While motive constitutes no element of the crime itself, it must be conceded that in cases where circumstantial evidence is largely relied upon for conviction, as in this case, then motive becomes a matter of most earnest inquiry.'' (74 Cal.App.2d 279, 289-290.) Although such evidence as was elicited herein might be subject to argument as to remoteness, it cannot be said that under all of the circumstances it was irrelevant, or that the court erred in allowing its admission.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.