[Crim. No. 3754. First Dist., Div. Two. May 17, 1961.]

THE PEOPLE, Respondent, v. DOREN BEEM, Appellant.

Donald Roy, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Joseph I. Kelly, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—Appellant, Doren Beem, and Ronald Mishler were charged jointly by indictment with burglary in violation of section 459 of the Penal Code. A jury found them both guilty of burglary in the second degree. On this appeal taken only by Beem from the judgment of conviction and the order denying his motion for a new trial, the sole contention is that the evidence does not sustain the judgment.

The record reveals the following facts: On July 5, 1959, Mr. Vuko, the copartner of the Golden Cask bar at 1725 Haight Street in San Francisco, arrived at his place of business about 11 p. m., and relieved the bartender. He served beer to Mishler

and the appellant and then bowled several games with them and some other customers. The appellant and Mishler bowled over 200 and signed a prize card. Mr. Vuko then returned to his duties behind the bar and noticed that Mishler and the appellant had been missing for about 20 minutes. Vuko was told by one of the other customers that they had gone to the men's room. Vuko entered the men's room and saw Mishler combing his hair at an angle to the mirror in such a way as to hide a part of the door to the lavatory, and with the water tap going full blast. The appellant was not in sight and Vuko did not see him again that evening. Vuko knew Mishler who had come to the bar at other times to cash checks. One of the doors of the lavatory was slightly ajar. Vuko asked Mishler if everything was all right, received an affirmative reply, and left after washing his hands.

He noticed that the padlock on the door which led from the men's room to the storeroom was secured in its place. This storeroom door opened into the washroom "from your right," and was always kept locked except when used by the janitor.

Vuko did not see Mishler or the appellant leave the bar. He looked over the premises and noted that the storeroom door in the men's room was locked. He closed the bar and left about 2:30 a. m. to drive a friend home. When he returned about 3:45 a. m. to finish cleaning up, he noticed that the two cash register drawers were open and that his hi-fidelity equipment was gone. He went into the men's room and noticed that the door between the men's room and the storeroom was completely open and had a number of "jimmy marks" on the storeroom side. On the men's room side, the small bolt-type lock had been forced out, while the hasp type lock located at a height of 4-5 feet was still locked, although the screws which held this lock to the wall had been removed. The back door of the storeroom which led to the back yard was also open, but had not been forced. This door could only be opened from the inside. A lug wrench was found in the back yard. The police found a fingerprint on the storeroom side of the door which connects the storeroom and the men's room. The fingerprint was subsequently identified as the appellant's.

Subsequently, Vuko picked Mishler's picture from a file of suspects presented to him by the police. When the police officer went to Mishler's home at 902 Divisadero Street, Mrs. Mishler told him that her husband was at the Baldwins at 529 Lawton Street. Mishler first denied being in the Golden

Cask on the evening in question, but later identified Vuko as the owner of the bar and admitted having been in the Golden Cask, but stated he had been alone and then spent the night at the Baldwins.

Subsequently, the police discovered that the appellant roomed with the Baldwins at 529 Lawton Street. The appellant's fingerprint matched the one found on the storeroom door. The police officer also noticed that a lug wrench was missing from the Baldwin car; the lug wrench found in the back yard fit one of the wheels on the Baldwin car. When first questioned by the police, the appellant stated that he went to the Golden Cask alone, on the bus, and was not with Mishler. At the trial, the appellant admitted that on July 5, 1959, he had gone to the Golden Cask with Mishler in the Baldwin car. He further testified that he had been in the men's room that night, but did not touch the door to the storeroom. He further stated that he had been in the Golden Cask about 9 :30 p. m. on the previous night [July 4]. He had gone to the men's room but he could not find a towel to dry his hands. He noticed that the storeroom door was ''about half-way open,'' so he pushed it open, and thus his wet fingerprint got on the door. He found no paper towels and finally dried his hands with his handkerchief.

It was stipulated that if Mr. Vuko were again called to the stand, he would testify that he had checked the storeroom door at 10 p. m. on July 4 and 2 a. m. on July 5, and on both occasions, the storeroom door appeared to be padlocked, locked and closed.

The only argument on appeal is that the evidence is insufficient to support the judgment of conviction. Appellant, citing *People* v. *Flores,* 58 Cal.App.2d 764 [137 P.2d 767], argues that the presence of his fingerprint on the storeroom door falls short of the quantum necessary to overcome the presumption of innocence, as circumstantial evidence relied upon to establish guilt of one accused of a crime must be consistent with that hypothesis, and inconsistent with any other rational conclusion. In the Flores case, the evidence was not consistent with the guilt of the defendant as one Valles admitted stealing the automobile in question, and the victims identified him and another person (not the defendant) in connection with the crime.

Here, the prosecution's hypothesis of the crime was that when the appellant and Mishler went to the men's room on

July 5, they removed the screws that held the storeroom lock to the wall; the appellant then hid in the storeroom while Mishler reinserted the screws so that the padlock and hasp looked secure. After the bar closed, the appellant opened the door from the storeroom to the yard (which could only be opened from the inside), admitted Mishler and together they carried out the burglary. Appellant attempts to argue that because he offered a rational explanation for the presence of his fingerprint on the door, the jury could not find him guilty.

On appeal, all conflicts in the evidence must be resolved in favor of sustaining the judgment. [ It is fundamental that the credibility of a witness is for the determination of the trier of fact (*People* v. *Koontz*, 171 Cal.App.2d 633 [341 P.2d 815]). [ The jury was not required to believe the appellant's testimony that he made a wet fingerprint on the storeroom door on July 4. The fingerprint found was a dry one. There was evidence that the door opened in such a manner that it would be pulled open instead of pushed open. There was also evidence that the storeroom door was locked on July 4. The presence of the fingerprint on the storeroom door indicates that the appellant was present in this inaccessible place and the jury was entitled to draw the inference that the fingerprint was made by the appellant in burglarizing the bar (*People* v. *Rodis*, 145 Cal.App.2d 44, 46-47 [301 P.2d 886]). Furthermore, appellant's false and inconsistent statements indicate a consciousness of guilt (*People* v. *Cooper*, 81 Cal.App.2d 110 [183 P.2d 67]).

We think, therefore, that there is ample evidence to sustain the verdict finding the appellant guilty of burglary in the second degree.

Appellant further argues that the fingerprint was insufficient to establish his guilt as property taken from the Golden Cask was not found in his possession. [ It is well established that fingerprints are the strongest evidence of identity of a person and under proper circumstances alone sufficient to identify the defendant as a criminal (*People* v. *Adamson*, 27 Cal.2d 478 [165 P.2d 3]). The gravamen of the offense of burglary is the entry with the requisite intent (*People* v. *Tims*, 171 Cal.App.2d 671 [341 P.2d 56]), and the defendant's possession of the stolen goods is not a necessary element of the offense.

Appellant also attempts to argue that this court should take judicial notice of the fact that the trial court subsequently granted a motion for new trial and dismissed the

charges against Mishler. However, the rule is that a court will not in one case take judicial notice of the records or judgment in another case. Even if we deemed the matter a proper one for judicial notice, it would not be relevant to the issues presented by this appeal.

Judgment and order denying motion for new trial are each affirmed.

Draper, J., and Shoemaker, J., concurred.