[Crim. No. 1807.   Fourth Dist.   June 11, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LEE WARD ANG, Defendant and Appellant.

Donald Freeman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant, appellant herein, was charged with, tried before the court without a jury for, and convicted of the offense of burglary, i.e., a violation of section 459 of the Penal Code, which the court fixed at second degree; made a motion for a new trial, which was denied; withdrew his application for probation; was sentenced to imprisonment in the state prison; and appeals from the judgment entered, contending:

1. that the evidence is insufficient to support the judgment, and

2. that he was deprived of due process of law because neither he nor his attorney was present in the judge's chambers when, prior to his trial, the judge and the deputy district attorney representing the People were conversing.

On the night of December 11, 1960, at about 10:30 p. m., the defendant, accompanied by a male and two female companions, stopped at the Submarine Café, in San Diego, on his return from the Caliente racetrack to his home at Long Beach; were served by the proprietress who recalled their having been on the premises about six weeks previously, which immediately preceded a burglary of her café; played various coin-operated machines, including a record player commonly called a juke box; and left about 11:30 p. m. During the course of their stay the two women, in the presence of the defendant, engaged the proprietress in a conversation respecting "the amount of take that a business like that did." On the occasion when they were in the café six weeks previously, a waitress had a similar conversation with these couples.

Apparently being suspicious that these people might have had some connection with the prior burglary, the proprietress washed all of the equipment in the café after closing for the night, giving particular attention to the coin-operated machines, including the juke box, which she washed with "Spic and Span" and polished with "Windex." She left the café at about 12:30 a. m., and when she returned shortly after 7 o'clock a. m. discovered that the place had been burglarized; entry had been gained through a window; the coin boxes on

the machines had been broken into; an estimated $60 to $70 and other articles of small value had been removed; beer glasses had been washed and placed in the sink; and things generally were in a state of disorder. Shortly thereafter, in the course of a police investigation, fingerprints were lifted from the chrome bar on the juke box and compared with fingerprints subsequently obtained from the defendant. A fingerprint expert identified one of the fingerprints lifted from the juke box as the fingerprint of the defendant. It appears that other fingerprints lifted from the chrome bar either were not identified or were not identifiable.

In response to specific questions upon the subject, the proprietress testified that she cleaned and polished the chrome bar on the juke box, as well as other parts thereof, on the night in question after the defendant had left her café and before the burglary took place. As a consequence, in support of the judgment, it must be inferred that there were no fingerprints on the chrome bar when the café was closed for the day, prior to the burglary, and that the defendant's fingerprint appeared thereon the next morning after the burglary. This evidence is sufficient to sustain a finding that the defendant was a participant in the burglary which had taken place.

"Fingerprint evidence is the strongest evidence of identity, and is ordinarily sufficient alone to identify the defendant." (*People* v. *Riser*, 47 Cal.2d 566, 589 [305 P.2d 1]; In accord: *People* v. *Adamson*, 27 Cal.2d 478, 483 [165 P.2d 3]; *People* v. *Wise*, 199 Cal.App.2d 57, 60 [18 Cal.Rptr. 343]; *People* v. *Massey*, 196 Cal.App.2d 230, 234 [16 Cal. Rptr. 402]; *People* v. *Beem*, 192 Cal.App.2d 207, 211 [13 Cal. Rptr. 238]; *People* v. *Rodis*, 145 Cal.App.2d 44, 46 [301 P.2d 886]; *People* v. *Ramirez*, 113 Cal.App. 204, 206 [298 P. 60].)

The defendant's contention to the contrary is based on the sole premise that the fingerprint lifted from the chrome bar was placed there by him when he and his friends were in the café prior to the burglary; disregards the testimony of the proprietress that after he left the café she thoroughly cleaned and polished the place from which the fingerprint had been lifted; and is without merit. The decisions in *People* v. *Flores*, 58 Cal.App.2d 764, 768 [137 P.2d 767], *Anthony* v. *State*, 85 Ga.App. 119 [68 S.E.2d 150, 152], and *State* v. *Minton*, 228 N.C. 518 [46 S.E.2d 296], are inapplicable because in each of them the circumstances were not such as to justify the conclusion that the fingerprint relied upon must have been imprinted at the time the offense was committed. In the case

at bar, if the testimony of the proprietress is accepted the conclusion is inescapable that the subject fingerprint was made in the course of the subject burglary. ▮▮▮ Under the circumstances of this case, the credibility of the testimony in question and the weight to be given it were matters exclusively within the province of the trial court. (*People* v. *Ashley*, 42 Cal.2d 246, 266 [267 P.2d 271} ; *People* v. *Daugherty*, 40 Cal. 2d 876, 885 [256 P.2d 911] ; *People* v. *Foster*, 195 Cal.App.2d 651, 653 [15 Cal.Rptr. 891].) The evidence adequately supports the conclusion that the defendant was a participant in the subject burglary.

▮▮▮ On the day of the defendant's trial, but before it had commenced, his attorney learned that the deputy district attorney representing the People and the judge who was to try the case were in the latter's chambers. However, no mention of this was made until the motion for a new trial. It then was claimed that the subject incident constituted a denial of due process of law. From the discussion which ensued, it appears that on a previous occasion when the defendant's case had been set for trial the attorney then representing him failed to appear and, because of such failure, had been arrested, and the deputy district attorney went to the judge's chambers to advise the latter that the former attorney was not going to try the case but that another attorney was present to do so. The defendant claims that he was denied due process of law because neither he nor his attorney was present in the course of the foregoing conversation. (Generally see U.S. Const., Amend. XIV, § 1; Amend. V; Cal. Const., art. I, § 13; Pen. Code, § 1043; *In re Dennis*, 51 Cal.2d 666, 671 [335 P.2d 657].) The incident in question was no part of the defendant's trial nor of the criminal proceedings to which he was a party; involved merely an administrative function of the trial judge; and did not come within either the letter or the spirit of the law which requires his presence. (*Snyder* v. *Commonwealth of Massachusetts*, 291 U.S. 97, 106-108 [54 S.Ct. 330, 78 L.Ed. 674, 90 A.L.R. 575] ; *People* v. *Isby*, 30 Cal.2d 879, 892-894 [186 P.2d 405] ; *People* v. *Russell*, 139 Cal.App. 417, 419 [34 P.2d 203].)

The judgment is affirmed.

Shepard, Acting P. J., concurred.