Lonzo **HOLDMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38928.

Court of Criminal Appeals of Texas.

Jan. 19, 1966.

Rehearing Denied March 9, 1966.

Thos. H. Dent, A. M. Wickliff, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for murder; the punishment, ten years.

The deceased, sixty-seven years of age, referred to by the witnesses as " 'Grandmother [Boone],' " worked at Mom's Cafe at 9110 Scott Street in the city of Houston. It was shown by the state's testimony that, on the night in question, appellant came to the cafe with one Handy Webb and Webb's common-law wife, Ruby Lee Johnson. While seated at a table drinking beer, appellant and Webb began arguing and the deceased asked them to leave. They left and later returned with a fifth of wine. When they resumed their arguing, the deceased again asked them to leave. Around 10 p. m., appellant got up from the table, went out the door, and then came back inside. The deceased again asked him to leave, saying that he was "running off" her customers. Appellant then got up and, as he started toward the front door, one Willie Watts, who was in the place, said to him: " 'You heard what Grandmother said, she wants you all to leave.' " Appellant turned around and said: " 'I'm not scared of *no* son-of-a-bitch in here,' " and produced a .22 calibre pistol, pointed it toward Watts, and fired. The bullet struck the deceased, who said: " 'I am shot,' " and a scuffle ensued between appellant and Watts. In the scuffle, another shot was fired which struck appellant's companion, Webb.

The deceased was carried from the scene to a hospital, where she died from a gunshot wound in the chest.

It was shown by the state's testimony that at no time prior to the shooting did the deceased curse or in any way abuse the appellant.

Testifying as a witness in his own behalf, appellant stated that the pistol was not fired until after Willie Watts had hit him with a baseball bat and he was engaged in a struggle with Watts and two other customers, Leon Perry and Willie Lewis, who were in the place. Appellant stated that in the struggle he "pulled the pistol" and it "went off twice." He swore that he did not shoot at the deceased or at anyone.

In submitting the issue of appellant's guilt to the jury, the court gave application to the provisions of Art. 42, Vernon's

Ann.P.C., making certain acts done by mistake a felony, and instructed the jury that if they believed from the evidence beyond a reasonable doubt that appellant intended to kill Willie Watts by shooting him with a gun and while in the act of preparing for or executing the same through mistake or accident killed the deceased, they would find him guilty of murder with malice aforethought. The court further submitted to the jury the defense of accident and also charged the jury to acquit appellant if they believed he shot and killed the deceased through mistake or accident while defending himself against an unlawful and deadly attack about to be committed upon him by Willie Watts, Willie Lewis, and Leon Perry.

The jury by their verdict rejected appellant's explanation of the shooting, and we find the evidence sufficient to sustain the judgment of conviction.

Appellant predicates his appeal upon one claim of error—that being certain alleged improper jury argument of state's counsel. Such complaint is presented by a purported formal bill of exception, #2.

An examination of the record reflects that judgment was entered in the cause on June 1, 1964, and sentence was pronounced on July 30, 1964. The bill of exception was filed on September 29, 1964. On October 6, 1964, the court refused to approve the bill and noted his reasons thereon. Notice of the court's action was duly given appellant. On October 14, 1964, appellant filed his objections to the court's reasons for refusing the bill and took no further action in the matter. No bystander's bill of exception was filed by appellant.

Under the provisions of Art. 760d of the Vernon's Ann. Code of Criminal Procedure of 1925 prior to its repeal by the enactment of the present Code of Criminal Procedure which became effective January 1, 1966, the bill cannot be considered. Wortham v. State, 169 Tex.Cr.R. 164, 333 S.W.2d 158; Holley v. State, Tex.Cr.App.,

366 S.W.2d 570; Lacy v. State, Tex.Cr. App., 374 S.W.2d 244.

Generally, the law in force at the time of the entry of judgment furnishes the rule by which an appeal in a criminal case is governed. 5 Tex.Jur.2d 17, Sec. 1.

The provisions of the new Code of Criminal Procedure which became effective January 1, 1966, are not applicable to the procedure relative to the approval of bills of exception prior to such effective date.

We observe, however, that under the provisions of Art. 40.09 of the new Code it would have been incumbent upon appellant to file a bystander's bill of exception within fifteen days after receipt of notice of the court's action, upon his being unwilling to accept the court's qualification or refusal of the bill.

The judgment is affirmed.

Opinion approved by the Court.