THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
GILBERTO SÁNCHEZ DELGADO, Defendant and Appellant.

No. CR-66-210.        Decided June 29, 1970.

256

E. *Armstrong Watlington, Edna Abruña Rodríguez*, and *Enrique Miranda Merced* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Lolita Miranda Escudero, Assistant Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The only evidence presented in the trial connecting appellant with the criminal acts charged was a fingerprint taken from the inner part of the broken glass of a show window of the burglarized jewelry shop.[1] The only access to the show window was inside the jewelry shop and they only entered said show window to place the jewels which were going to be displayed. The sufficiency of this evidence is challenged. .

The most reliable form of identification is by comparing fingerprints. See the cases of *Stevenson* v. *United States,* 380 F.2d 590 (D.C. Cir. 1967) ; *People* v. *Daly,* 335 P.2d 503 (Cal. 1959) ; *Avent* v. *Commonwealth,* 164 S.E.2d 655 (Va. 1968) ; *People* v. *Beem,* 192 Cal. App.2d 207 (1961) ; *People* v. *Riser,* 305 P.2d 1 (Cal. 1956). This form of identification developed through scientific studies is universally accepted. In Moenssens, Fingerprints and the Law (1969), an exhaustive study is made on the subject from its historic, scientific, and legal perspective.

---

[1] The trial court did not accept a confession made by defendant because it was doubtful as to its voluntariness.

■ The prevailing rule regarding the sufficiency of a conviction grounded solely on defendant's fingerprints is stated by Wharton, in his treatise on evidence as follows:

"Proof that finger, palm, or barefoot prints found in the place where a crime was committed, under such circumstances that they could only have been impressed at the time the crime was committed, correspond to those of the accused, may be sufficient proof of identity to sustain a conviction." (3 Wharton, Criminal Evidence 479, 480–83, § 982, 12th ed. 1955.)

See also, Anno. in 28 A.L.R.2d 1115, 1154 (1953), and numerous cases cited there. In the above-mentioned Moenssens book, at page 118, it is stated:

"To support a conviction based solely or primarily on fingerprint evidence, it must be shown that the defendant's fingerprints were found under such circumstances as to exclude any reasonable possibility of consistency with innocence. If fingerprints corresponding to those of the accused are found at the place where a crime has been committed and in such a manner as to exclude every reasonable hypothesis save that the fingerprints were impressed at the time the crime was committed, then a conviction on the sole evidence of such fingerprints may be sustained."

The Supreme Court of California, in the case of *People* v. *Adamson*, 27 Cal.2d 478, 165 P.2d 3 (1946), affirmed on appeal a death sentence against a defendant charged with murder in the first degree and burglary in the first degree. The sole question raised on appeal was the insufficiency of the evidence presented to identify defendant as the perpetrator of the crime. The evidence was solely grounded on six fingerprints of the defendant found in the victim's apartment, scene of the crime. See, also, the cases of *People* v. *Rodis*, 301 P.2d 886 (1956); *People* v. *Riser, supra; People* v. *Wise*, 199 Cal. App.2d 57 (1962); *People* v. *Abner*, 209 Cal. App.2d 484 (1962). See, also, Fricke-Alarcon, California Criminal Evidence 207 (7th ed. 1966).

■ The Court of Special Appeals of Maryland, in the case of *Lawless* v. *State*, 241 A.2d 155 (1968), has set forth with crystal clearness some of the circumstances which may cause that one or several fingerprints found at the scene of the crime be sufficient to sustain a conviction. That case dealt with a grand larceny committed in a private residence. Several fingerprints were found on a pane of glass of the door leading to the basement of the residence, which had been removed to break into the house. These fingerprints were found to belong to defendant and the latter alleged, on appeal, that that type of evidence was not sufficient to support a conviction. After an extensive analysis of the cases, the court points out the importance of the particular circumstances of each case in addition to the finding and identification of the fingerprints, since the mere fact of the existence of one or several fingerprints of the defendant at the scene of the crime is by itself evidence to the effect that he had been there on some occasion. Now the attendant circumstances in connection with the print obtained may show, beyond reasonable doubt, that defendant not only was on some occasion at the scene of the crime, but that he was there when the crime was committed. These circumstances tending to exclude any reasonable hypothesis that the print was impressed at a time other than that of the crime, need not be circumstances completely independent of the fingerprint. Circumstances such as the location of the print, the characteristics of the place where they were found, and the accessibility to the general public of the object on which the print was impressed, could be properly included. The court concludes stating that after that analysis of the print and the attendant circumstances with respect to the latter, it is proper to make a rational inference consistent with the law of evidence to the effect that the accused was the criminal agent. In said case the inaccessibility to the general public of the site and location of the print on the glass door of the residence's basement were found

sufficient, together with the print, to sustain the conviction. See, also, the cases of *McNeil* v. *State*, 176 A.2d 338 (Md. 1969) ; *Hannah* v. *State*, 239 A.2d 124 (Md. 1968) ; *McCargo* v. *State*, 241 A.2d 161 (Md. 1968) ; *Couser* v. *State*, 243 A.2d 639 (Md. 1968) ; *McGhee* v. *State*, 243 A.2d 41 (Md. 1968) ; *Fladung* v. *State*, 244 A.2d 909 (Md. 1968) ; II Wigmore, Evidence, § 414 (1940). The Court of Appeals of the District of Columbia has also adopted the same rule in the case of *Patten* v. *United States*, 248 A.2d 182 (1968), where some fingerprints discovered on a paper bag, at the scene of the crime, in addition to the inaccessibility of the burglarized place to the general public, were considered sufficient to sustain a conviction for burglary. The Texas courts have also decided it thus. See the cases of *Grice* v. *State*, 151 S.W.2d 211 (Texas 1941) ; *Briones* v. *State*, 363 S.W.2d 466 (Texas 1963) ; *Roach* v. *State*, 398 S.W.2d 560 (Texas 1966) ; *Holdman* v. *State*, 399 S.W.2d 361 (Texas 1966) ; *Leblanc* v. *State*, 424 S.W.2d 434 (Texas 1968). See also, the cases of other state jurisdictions: *State* v. *Helms*, 12 S.E.2d 243 (N.C. 1940) ; *State* v. *Tew*, 68 S.E.2d 291 (N.C. 1951) ; *Anthony* v. *State*, 68 S.E.2d 150 (Ga. 1951) ; *Avent* v. *Commonwealth*, (Va. 1968), *supra; People* v. *Ware*, 163 N.W.2d 250 (Mich. 1968) ; *People* v. *Taylor*, 204 N.E.2d 734 (Ill. 1965) ; *Mason* v. *Commonwealth*, 357 S.W.2d 667 (Ky. 1962) ; *Hack* v. *Commonwealth*, 433 S.W.2d 877 (Ky. 1968). See also, in the federal jurisdiction the cases of *United States Ex Rel. Chiarello* v. *Mancusi*, 288 F.Supp. 178 (D.C.S.D. N.Y. 1968) ; *United States* v. *Kelly*, 55 F.2d 67 (2d Cir. 1932).

■ In the case at bar, as we formerly said, the fingerprint appeared in the inner part of the glass broken to enter the show window. There was no reason whatsoever for appellant's print to appear in that place, other than having entered therein illegally. There is no possible, or reasonable explanation, for the presence of the fingerprint at that place which

was inaccessible to the general public. We are constrained to conclude that appellant was the burglar.

■ Originally, the judge, after inquiring from defendant whether he had been previously convicted and the latter answering in the negative, since his previous encounter with the law had been before he was 16, sentenced him to serve from one to four years. Then the prosecuting attorney intervened and stated that defendant had against him a sentence for burglary. The judge reconsidered the punishment imposed and sentenced him to serve from three to eight years. Appellant challenges said action. In *Santiago* v. *Warden*, 74 P.R.R. 578 (1953) and *People* v. *Lozano Díaz*, 88 P.R.R. 817 (1963), we decided the question against appellant. Since defendant was still under judicial custody and there being no showing that the aggravation of the sentence was caused by actions subsequent to the moment when the first sentence was entered, the judge had the authority to reconsider and impose a heavier sentence.

The judgment appealed from will be affirmed.

Mr. Justice Hernández Matos and Mr. Justice Rigau did not participate herein.

