EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GILBERTO SÁNCHEZ DELGADO, acusado y apelante.

*Número:* CR-66-210    *Resuelto:* 29 de junio de 1970

*E. Armstrong de Watlington, Edna Abruña Rodríguez* y *Enrique Miranda Merced,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Lolita Miranda de Escudero, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La única prueba presentada en el juicio que conecta al apelante con los hechos delictivos imputados, fue una huella

digital tomada en la parte interior del cristal roto de la vitrina de la joyería escalada. (¹) El único acceso a la vitrina era por el interior de la joyería y sólo se penetraba en dicha vitrina para colocar las prendas a exhibirse. Se ataca la suficiencia de esta prueba.

■ La forma más confiable de identificación es mediante la comparación de huellas digitales. Véanse los casos de *Stevenson* v. *United States*, 380 F.2d 590 (D.C. Cir. 1967); *People* v. *Daly*, 335 P.2d 503 (Cal. 1959); *Avent* v. *Commonwealth*, 164 S.E.2d 655 (Va. 1968); *People* v. *Beem*, 192 Cal. App.2d 207 (1961); *People* v. *Riser*, 305 P.2d 1 (Cal. 1956). Esta forma de identificación desarrollada mediante estudios científicos es reconocida universalmente. En Moenssens, *Fingerprints and the Law* (1969), se hace un exhaustivo estudio sobre el tema desde su perspectiva histórica, científica y legal.

■ La norma imperante en relación con la suficiencia de una convicción basada únicamente en huellas digitales del acusado la expresa Wharton en su tratado de evidencia así:

"Prueba de las huellas de un dedo, mano o pie encontradas en el sitio en donde se cometió un crimen, correspondientes a las del acusado, pueden ser prueba suficiente de su identidad para sostener una convicción, bajo circunstancias tales que solamente pudieron haber sido impresas en el momento en que el crimen fue cometido." (3 Wharton's *Criminal Evidence*, Sec. 982, p. 479, 480–83, 12ma. ed. 1955).

Véanse, además, Anotación en 28 A.L.R.2d 1115, 1154 (1953) y numerosos casos allí citados. En el libro de Moenssens antes citado, a la pág. 118, se expresa:

"Para sostener una convicción única o principalmente a base de evidencia de huellas digitales, debe demostrarse que las hue-

---

(¹) El tribunal sentenciador no aceptó una confesión prestada por el acusado por tener duda en cuanto a su voluntariedad.

llas digitales del acusado fueron encontradas bajo circunstancias tales que excluyan cualquier posibilidad razonable consistente con la inocencia. Si huellas digitales correspondientes a las del acusado son encontradas en el sitio en donde se ha cometido un crimen y en forma tal que queda eliminada toda hipótesis razonable excepto que las huellas digitales fueron impresas en el momento en que se cometió el crimen, puede entonces sostenerse una convicción basada únicamente en tales huellas digitales."

La Corte Suprema de California en el caso de *People* v. *Adamson*, 27 Cal.2d 478, 165 P.2d 3 (1946), confirmó en apelación una sentencia de muerte dictada contra un acusado de asesinato en primer grado y de escalamiento en primer grado. La única cuestión planteada en apelación fue la insuficiencia de la evidencia presentada para identificar al acusado como el autor del crimen. Ésta se basó únicamente en seis huellas digitales del acusado encontradas en el apartamento de la víctima, escena del crimen. Véanse, además, los casos de *People* v. *Rodis*, 301 P.2d 886 (1956); *People* v. *Riser*, supra; *People* v. *Wise*, 199 Cal. App.2d 57 (1962); *People* v. *Abner*, 209 Cal. App.2d 484 (1962). Véase, además, Fricke-Alarcon, *California Criminal Evidence*, pág. 207 (7ma. ed. 1966).

■ La Corte Especial de Apelaciones de Maryland en el caso de *Lawless* v. *State*, 241 A.2d 155 (1968), ha expresado con meridiana claridad algunas de las circunstancias que pueden hacer que una o varias huellas digitales encontradas en el lugar de un crimen sean suficientes para sostener una convicción. En aquel caso se trataba de un hurto mayor cometido en una residencia privada. Se encontraron varias huellas digitales en un panel de cristal de la puerta que daba al sótano de la residencia, el cual había sido removido para ganar acceso al interior. Se encontró que estas huellas pertenecían al acusado y éste alegó en apelación que este tipo de evidencia no era suficiente para sostener una con-

vicción. Luego de un extenso análisis de los casos el tribunal señala la importancia de las circunstancias particulares de cada caso en adición al hallazgo e identificación de las huellas digitales, ya que el mero hecho de la existencia de una o varias huellas digitales del acusado, en el lugar del crimen, de por sí solo es prueba de que éste estuvo allí alguna vez. Ahora, las circunstancias presentes en relación con la huella obtenida pueden demostrar más allá de toda duda razonable que el acusado no solamente estuvo en alguna ocasión en la escena del crimen sino que estuvo allí cuando éste fue cometido. Estas circunstancias tendentes a excluir toda hipótesis razonable de que la huella fue impresa en cualquier otro momento que no fuera el del crimen, no tienen que ser circunstancias completamente independientes de la huella digital. Propiamente podrían incluirse circunstancias tales como la localización de la huella, las características del sitio donde fueron encontradas y la accesibilidad al público en general del objeto en donde apareció impresa la huella. Concluye diciendo el Tribunal que luego de tal análisis de la huella y las circunstancias relacionadas con ésta, procede hacer una inferencia racional, consistente con la ley de evidencia, al efecto de que el acusado fue el agente criminal. En dicho caso la inaccesibilidad al público en general del sitio y la localización de la huella en la puerta de cristal del sótano de la residencia fueron encontradas suficientes para, junto con la huella, sostener la convicción. Véanse, además, los casos de *McNeil* v. *State*, 176 A.2d 338 (Md. 1969); *Hannah* v. *State*, 239 A.2d 124 (Md. 1968); *Mc-Cargo* v. *State*, 241 A.2d 161 (Md. 1968); *Couser* v. *State*, 243 A.2d 639 (Md. 1968); *McGhee* v. *State*, 243 A.2d 41 (Md. 1968); *Fladung* v. *State*, 244 A.2d 909 (Md. 1968); II Wigmore *On Evidence*, Sec. 414 (1940). La Corte del Distrito de Columbia también ha adoptado igual norma en el caso de *Patten* v. *United States*, 248 A.2d 182 (1968) en donde unas huellas encontradas en una bolsa de papel

en el sitio de un escalamiento, en adición a la inaccesibilidad del sitio escalado al público en general, fueron consideradas suficientes para sostener una convicción por escalamiento. Los tribunales de Tejas también así lo han resuelto. Véanse los casos de *Grice* v. *State,* 151 S.W.2d 211 (Texas 1941); *Briones* v. *State,* 363 S.W.2d 466 (Texas 1963); *Roach* v. *State,* 398 S.W.2d 560 (Texas 1966); *Holdman* v. *State,* 399 S.W.2d 361 (Texas 1966); *Leblanc* v. *State,* 424 S.W.2d 434 (Texas 1968). Véanse, además, los casos de otras jurisdicciones estatales: *State* v. *Helms,* 12 S.E.2d 243 (N.C. 1940); *State* v. *Tew,* 68 S.E.2d 291 (N.C. 1951); *Anthony* v. *State,* 68 S.E.2d 150 (Ga. 1951); *Avent* v. *Commonwealth,* (Va. 1968), supra; *People* v. *Ware,* 163 N.W.2d 250 (Mich. 1968); *People* v. *Taylor,* 204 N.E.2d 734 (Ill. 1965); *Mason* v. *Commonwealth,* 357 S.W.2d 667 (Ky. 1962); *Hack* v. *Commonwealth,* 433 S.W.2d 877 (Ky. 1968). Véanse, además, en la jurisdicción federal los casos de *United States, Ex Rel. Chiarello* v. *Mancusi,* 288 F.S. 178 (D.C.S.D. N.Y. 1968); *United States* v. *Kelly,* 55 F.2d 67 (2d Cir. 1932).

■ En el presente caso, como antes dijimos, la huella apareció en la parte interior del cristal que se quebró para introducirse en la vitrina. No había razón alguna para que la huella del apelante apareciera en ese sitio, que no fuera haber penetrado allí ilegalmente. No hay posible ni razonable explicación para la presencia de la huella en ese sitio que era inaccesible al público en general. Es inescapable la conclusión de que el apelante fue el escalador.

■ Originalmente el juez, luego de inquirir del acusado si había sido convicto anteriormente y de éste manifestarle que no, ya que su confrontamiento anterior con la ley había sido antes de cumplir 16 años, le sentenció a cumplir de uno a cuatro años. Intervino el fiscal entonces y manifestó que el acusado tenía en su contra una sentencia por escalamiento. Reconsideró el juez la pena impuesta y lo sentenció a sufrir

de tres a ocho años. Impugna el apelante esa actuación. En *Santiago* v. *Jones*, 74 D.P.R. 617 (1953) y *Pueblo* v. *Lozano Díaz*, 88 D.P.R. 834 (1963) resolvimos la cuestión en contra del apelante. Estando todavía bajo custodia judicial y no apareciendo que el agravamiento de la pena lo motivara actuaciones posteriores al momento de dictarse la primera sentencia, el juez tenía autoridad para reconsiderar e imponer una pena mayor.

*Se confirmará la sentencia apelada.*

Los Jueces Asociados Señores Hernández Matos y Rigau no intervinieron.

