Filed 8/25/21  P. v. Thao CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TOU CHRISTMAS THAO,<br><br>Defendant and Appellant. | C091344<br><br>(Super. Ct. No. 10F06846) |

Defendant Tou Christmas Thao appeals the trial court's denial of the California Department of Corrections and Rehabilitation's Penal Code section 1170, subdivision (d)(1) (section 1170(d)) recommendation that his sentence be recalled, as it might be unauthorized.  The trial court denied the recommendation, concluding the sentencing court had correctly sentenced defendant, but ordered the abstract of judgment corrected to reflect the sentence imposed.  Defendant contends the original sentencing court did not properly impose sentence, so the matter must be remanded for resentencing.

1

We find no error. However, there is an error in the abstract of judgment that requires correction. Accordingly, we will order the abstract corrected to reflect the judgment imposed and affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

The substantive facts underlying the convictions are not relevant to the issue raised on appeal and are therefore not recounted here. In 2011, defendant pleaded no contest to assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(2) - statutory section references that follow are to the Penal Code.) Defendant also admitted the enhancement allegations that he personally used a firearm in connection with the crime (§ 12022.5, subd. (a)), committed the crime for the benefit of, at the direction of, or in association with a street gang (§ 186.22, subd. (b)(1)(C)), and personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)). The sentencing court sentenced him, pursuant to a stipulated sentence, to two years on the underlying offense, plus three years for the firearm enhancement, plus 10 years for the gang enhancement, for a total of 15 years. Defense counsel reminded the court that defendant admitted the great bodily injury enhancement. The sentencing court then noted it had given, "no additional time as a result of that enhancement because that activity is used as part of the 186.22(b)(1) enhancement. So to avoid double counting, it's zero time on the 1022.7 [*sic*] enhancement."

In 2018, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court recommending the court recall the previously imposed sentence and resentence defendant pursuant to section 1170, subdivision (d)(1). CDCR indicated it appeared that defendant was excessively sentenced as the trial court imposed two enhancements attached to his assault with a deadly weapon offense. (*Ibid.*) CDCR stated that pursuant to *People v. Rodriguez* (2009) 47 Cal.4th 501, only the greater of the two enhancements should have been imposed.

2

As the sentencing judge was no longer available, the matter was assigned to a different trial court judge for review. The trial court found the sentence imposed was correct, but that a, "clerical error in the abstract of judgment led to the CDCR's determination the sentence may be erroneous." After reviewing the record, the trial court found the sentencing court properly imposed and stayed the great bodily injury enhancement, as that enhancement had been used to support the 10-year gang enhancement. Because the imposition of the gang enhancement was based on the great bodily injury enhancement, not the firearm enhancement, the trial court found the sentencing court correctly imposed sentence on the firearm enhancement. However, the trial court found the great bodily injury enhancement had been inadvertently omitted from the abstract of judgment.

The trial court then issued a corrected Felony Abstract of Judgment reflecting that sentence on the great bodily injury enhancement was imposed and stayed. The corrected abstract did not, however, state the length of the term imposed.

## DISCUSSION

On appeal, defendant argues that because no term was ever imposed on the enhancement, this matter should be remanded to the trial court to impose and then stay a term, or to strike the enhancement entirely. Without articulating in his briefing the basis of the claimed error or the standard of review, defendant claims the matter should be remanded to the trial court for resentencing. Defendant's notice of appeal identifies the order appealed from as the order denying the CDCR section 1170(d)(1) recommendation. As defendant's judgment is long since final, this is the only ground on which he could seek this relief on appeal. Accordingly, we construe defendant's claim as a challenge to the denial of the CDCR section 1170(d)(1) recommendation and apply the standards of review relevant to that claim.

3

"We review the trial court's decision whether to recall a defendant's sentence for an abuse of discretion." (*People v. McCallum* (2020) 55 Cal.App.5th 202, 211.) Using this standard, we consider whether the ruling, "exceeds the bounds of reason or is arbitrary, whimsical or capricious. [Citations.] This standard involves abundant deference to the trial court's rulings." (*People v. Jackson* (2005) 128 Cal.App.4th 1009, 1018.) The trial court's factual findings upon which it bases its discretionary determinations are subject to review under the substantial evidence standard. (See *People v. Cluff* (2001) 87 Cal.App.4th 991, 998 [court abuses discretion when factual findings critical to decision find no support in evidence].) Under the substantial evidence standard, we review the entire record in the light most favorable to the court's factual findings to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could make those factual findings by a preponderance of the evidence. (See *People v. Bolin* (1998) 18 Cal.4th 297, 331.) We "must assume every fact and inference in favor of the judgment." (*People v. Wise* (1962) 199 Cal.App.2d 57, 59.) "Absent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.)

We find the there is substantial evidence supporting the trial court's finding that the sentencing court imposed and stayed the great bodily injury enhancement. The authorities cited as the basis for the CDCR recommendation, *Rodriguez* and section 1170, subdivision (g), had long been the law at the time defendant was sentenced. The sentencing court sentenced defendant to the stipulated term agreed to by defendant and counsel. There was no discussion of striking the enhancement. Rather, when prompted about the great bodily injury enhancement, the sentencing court recognized that it could not impose and execute sentences on both the great bodily injury enhancement as well as the gang enhancement. Thus, the sentencing court imposed the enhancement with "zero" time. On this record, it is reasonable to infer that the sentencing court and the parties

4

were aware of *Rodriquez* and did not agree to, or impose, a sentence in violation of it. It is also reasonable to infer that the sentencing court's statements specifically regarding the great bodily injury enhancement reflected the sentencing court imposing sentence on the enhancement and staying it, in accordance with the stipulated sentence. Accordingly, substantial evidence supports the trial court's finding that sentence on the great bodily injury enhancement was properly imposed and stayed. The trial court also correctly noted that although the oral pronouncement of sentence had imposed and stayed the enhancement, the abstract of judgment did not reflect this sentence. Thus, the trial court ordered that clerical error be corrected. We agree with the trial court's conclusion concerning the clerical error, but note the corrected abstract of judgment does not reflect the length of the term imposed. Appellate courts have the inherent power to correct clerical errors in a judgment at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) "Rendition of the judgment is normally an oral pronouncement, and the abstract of judgment cannot add to, or modify, the judgment, but only purports to digest and summarize it." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 384.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*Id.* at p. 385.) We shall therefore direct the clerk to correct the abstract of judgment accordingly.

DISPOSITION

The judgment is affirmed. The clerk of the court is directed to correct the abstract of judgment to reflect the three-year term imposed and stayed on the section 12022.7

5

great bodily injury enhancement, and to forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                              _____

                                              HULL, J.

We concur:

_____
BLEASE, Acting P. J.

_____
ROBIE, J.

6