EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ D. NIEVES VARGAS, acusado y apelante.

*Número*: CR-72-65          *Resuelto*: 21 de marzo ·de 1973

*Nora L. Rodríguez Matías,* abogada del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Roberto Armstrong, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante José D. Nieves Vargas fue juzgado por tribunal de derecho, previa renuncia a que el caso se viera ante un jurado, y encontrado culpable de dos infracciones (posesión y ocultación y transportación de heroína) al Art. 29 de la anterior Ley de Narcóticos, 24 L.P.R.A. sec. 974z. Luego de rendido un informe del Oficial Probatorio, fue sentenciado a una pena de cinco (5) a ocho (8) años en cada caso, a ser cumplidos concurrentemente.

En esta apelación señala como único fundamento de error el haberse admitido la evidencia ofrecida por el fiscal, con-

sistente de una jeringuilla plástica, una aguja hipodérmica y un *deck* de heroína.

No estamos de acuerdo. La prueba revela que el día 29 de noviembre de 1969 y a eso de las 12:50 de la tarde el agente de la policía Juan José Martínez, junto con otros agentes, hacía labor de patrulla en un vehículo oficial por las cercanías del caserío San José en Hato Rey. Recibieron una llamada-querella por radio-teléfono que dentro de un carro Mustang azul que se encontraba estacionado en la Calle Villalba del caserío un individuo se estaba inyectando. Se dirigieron al lugar. Allí encontraron el Mustang y cinco individuos adentro, incluyendo el apelante. (¹) El agente Martínez se acercó a pie al vehículo estacionado y vio a uno de los individuos (Ernesto Ciuro Vega) en los momentos que estaba "echando en una envoltura amarilla, un sobrecito amarillo en una chapita, echando polvo" (T.E. pág. 19). Continuó declarando el testigo:

> "Entonces, yo seguí de largo, entonces a los dos compañeros míos se lo informé, que también habían pasado. Mira, están preparados para inyectarse. Viramos para atrás. Yo le quité lo que tenía Siuro y Arocho Vélez, era un pote de coca-cola que lo tenía en la mano, también me lo entregó y entonces, el compañero Luis Ríos Méndez arrestó al individuo que estaba sentado en la parte trasera del auto."

El individuo que estaba sentado en la parte trasera del auto resultó ser el apelante José Nieves Vargas. El apelante fue registrado ocupándosele una caja de cigarrillos marca *Winston*. El agente abrió la caja. Esta contenía una jeringuilla plástica, una aguja hipodérmica y una envóltura de color amarillo, envoltura de *decks*. (T.E. pág. 35.)

Todos fueron arrestados y registrados inmediatamente. Como sostuvimos en *Pueblo* v. *Cruz Rivera*, 100 D.P.R. 345 (1971), cuyo caso envuelve unos hechos muy parecidos,

---

(¹) Los otros cuatro individuos fueron también acusados. El juicio del apelante se celebró separadamente del de los otros.

el registro fue razonable, incidental y contemporáneo con un arresto legal. Fue legal el arresto, pues, como demuestra la prueba, los funcionarios tenían motivos fundados para creer que las personas que se encontraban en el Mustang estacionado, incluyendo el apelante, estaban cometiendo un delito en su presencia. Regla 11 de Procedimiento Criminal.

Finalmente el apelante plantea la cuestión de que "[p]osiblemente sea acreedor a que se devuelva su caso al Tribunal de Instancia para que allí se le sentencie nuevamente de acuerdo con lo dispuesto" en la nueva Ley de Sustancias Controladas, Ley Núm. 4 de 23 de junio de 1971, según enmendada por Ley Núm. 64 de 31 de mayo de 1972 y Ley Núm. 89 de 6 de junio de 1972. La penalidad bajo la nueva ley es de un mínimo de un año y un máximo de cinco (5) años y, además podrá imponerse una multa que no excederá de $5,000.00, 24 L.P.R.A. sec. 2404.

■ La Ley de Sustancias Controladas, Ley Núm. 4 de 23 de junio de 1971, 24 L.P.R.A. sec. 2101, *et seq.* (Suplemento 1972) dispone en el Art. 602, 24 L.P.R.A. sec. 2602 (a) :

"(a) Las acusaciones pendientes por cualquier violación a las leyes o partes de leyes derogadas por este Capítulo, que ocurra con anterioridad a la fecha de vigencia del mismo se seguirá tramitando bajo la ley vigente al momento de haberse cometido la susodicha violación. Si la violación por la cual se ha acusado es similar a las que se incluyen en este Capítulo, se aplicarán las penalidades dispuestas por este Capítulo, si éstas son menores que las penalidades bajo la legislación anterior."

Vista la citada disposición, *se devolverá el caso al tribunal de instancia para que sentencie nuevamente al apelante de acuerdo con lo dispuesto en el Art. 404 de dicho estatuto, 24 L.P.R.A. sec. 2404.*