JOSÉ C. PADILLA FIGUEROA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. ANTONIO RIVERA BRENES, JUEZ, demandado.

*Número:* O-73-426    *Resuelto:* 8 de febrero de 1974

934

*José C. Padilla Figueroa,* por su propio derecho; *Myriam Naveira de Rodón, Procuradora General,* y *Cándita R. Orlandi, Procuradora General Auxiliar,* abogadas del demandado.

PER CURIAM: José C. Padilla Figueroa compareció ante nos por su propio derecho mediante un escrito titulado "Moción de Revisión de Sentencia al Amparo de la Regla 192.1". Alega que actualmente se encuentra recluido en la Penitenciaría Estatal cumpliendo una sentencia de 5 a 7 años de presidio por los delitos de posesión, transportación y ocultación de la droga narcótica conocida por heroína en violación de la Ley de Drogas y Narcóticos de 1959, 24 L.P.R.A. sec. 974. Sigue alegando que las sentencias le fueron impuestas el 8 de julio de 1971, ya vigente el Art. 404 de la Ley de Substancias Controladas, 24 L.P.R.A. sec. 2404, y solicita que "se le brinden los beneficios del Artículo 404." Una solicitud similar fue radicada por él ante el Tribunal Superior de Puerto Rico, Sala de San Juan, casos G71-378 y G71-379 la cual fue declarada sin lugar mediante orden de 25 de octubre de 1973 (Hon. Antonio Rivera Brenes, Juez) "por razón de [que] las sentencias fueron dictadas con anterioridad a la vigencia del Artículo 602 de la Ley Núm. 4 de 23 de junio de 1971". Vista la discrepancia entre lo alegado por el peticionario y lo expuesto en dicha orden requerimos del Procurador

General que se manifestara sobre el particular. Nos informa y confirma el Procurador General mediante copia certificada de la sentencia dictada por el tribunal de instancia que esta fue pronunciada el 8 de junio de 1971.

Si bien el Art. 404 de la Ley de Substancias Controladas, 24 L.P.R.A. sec. 2404, comenzó a regir el 23 de junio de 1971, a esa fecha no era firme la sentencia dictada contra el peticionario por cuanto no había transcurrido el término de 20 días para apelar consignado en la Regla 194 de Procedimiento Criminal. La Ley de Substancias Controladas dispone en su Art. 602, 24 L.P.R.A. sec. 2602, en su inciso (a) lo siguiente:

"(a) Las acusaciones *pendientes* por cualquier violación a las leyes o partes de leyes derogadas por este Capítulo, que ocurra con anterioridad a la fecha de vigencia del mismo se seguirá tramitando bajo la ley vigente al momento de haberse cometido la susodicha violación. Si la violación por la cual se ha acusado es similar a las que se incluyen en este Capítulo, se aplicarán las penalidades dispuestas por este Capítulo, si éstas son menores que las penalidades bajo la legislación anterior." (Énfasis nuestro.)

Siendo las penalidades prescritas por el Art. 404 de dicha Ley, 24 L.P.R.A. sec. 2404, más benignas que las de la ley anterior para el caso de posesión de alguna substancia controlada y visto el propósito rehabilitador de dicha ley, consideramos que el peticionario es acreedor a sus beneficios en esta etapa de su caso. *Cf. Figueroa Méndez* v. *Tribunal Superior*, 101 D.P.R. 859 (1974) y *Pueblo* v. *Nieves Vargas*, 101 D.P.R. 263 (1973).

Considerado su escrito como una solicitud de *certiorari, se expedirá el auto solicitado; se dejará sin efecto la orden del Tribunal Superior, Sala de San Juan, dictada el 25 de octubre de 1973 y se ordenará la devolución de este caso a dicha Sala para que proceda a resentenciar al peticionario, de conformidad con el Art. 404 de la Ley de Substancias Controladas, 24 L.P.R.A. sec. 2404.*