EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS CAMACHO PÉREZ, acusado y apelante.

*Número*: CR-72-2          *Resuelto*: 26 de marzo de 1974

130

*R. M. Ponce de Sánchez Rivoleda,* abogada del apelante; *J. F. Rodríguez Rivera, Procurador General Interino* y *Magda E. Haydar de Martí, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue acusado y convicto de dos infracciones a la anterior Ley de Narcóticos de Puerto Rico. En el primer cargo se le acusó de poseer heroína ilegalmente y en el segundo cargo se le acusó de ocultar y transportar ilegalmente dicha sustancia, todo esto en violación del Art. 29 de la Ley de Narcóticos, Ley Núm. 48 de 18 de junio de 1959, 24 L.P.R.A. sec. 974z.

Los dos señalamientos de error que ante nos plantea en apelación carecen de mérito. El primero se contrae a lo siguiente. Luego del tribunal dictar sentencia, la defensa solicitó su reconsideración y solicitó que el juez le impusiese al acusado una sentencia con el (entonces) mínimo de cinco años de presidio. A esa petición el juez contestó "Sin lugar la reconsideración. El mínimo es para cuando se declaran culpables." En relación con ese incidente el apelante argumenta que por así haberse expresado el juez, se le privó de un juicio justo e imparcial.

■ Dicho planteamiento carece de mérito por dos razones. Una es que la apelación se da contra la sentencia y no contra sus fundamentos. Siendo la sentencia válida como lo es, por estar dentro de los límites de mínimo y máximo especificados en la ley, no importa que ese fundamento fuese erróneo.

La otra razón es que aunque el juez tuviese ese criterio, eso de por sí no demuestra que el juicio no fuese justo e imparcial. En el juicio el juzgador determina la culpabilidad o inocencia del acusado. Eso es una operación mental y jurídica separada de la imposición de la sentencia que luego se ha de imponer si el acusado resulta convicto.

El medir o estimar qué mínimo y qué máximo el juez ha de imponer al acusado que resulta convicto, es una segunda operación mental, independiente de la primera, y en la cual se han de considerar factores distintos a los que se consideran para determinar si el acusado es inocente o culpable.

■ En la primera operación mencionada—para determinar la culpabilidad o inocencia del acusado—hay que pasar juicio sobre la pertinencia, suficiencia y credibilidad de la evidencia presentada, confrontarla con el estatuto de cuya violación se acusa al apelante y entonces llegar a la conclusión de si en efecto se violó o no dicho estatuto. Para dictar sentencia se toman en cuenta otras consideraciones, tales como la edad del acusado, su récord anterior, si se declaró culpable, si el delito es *malum prohibitum* o *malum in se*, las circunstancias que concurrieron en el acto delictivo, si medió crueldad o premeditación, la naturaleza y gravedad del daño causado a la víctima o a la sociedad, la peligrosidad del acusado, etc.

■ Ya el Estado, al decretar la ley penal hizo una determinación general de la gravedad o falta de ella de los distintos delitos, al especificar distintas penalidades para cada delito. Y para dar discreción al juez, para que éste pueda tomar en consideración los factores antes mencionados, la ley penal dispone un mínimo y un máximo de la sentencia a dic-

tarse. Como se sabe, toda sentencia cuyo término esté dentro del mínimo y el máximo dispuesto por la ley es, en cuanto a ese particular, válida. *González de Jesús* v. *Jefe Penitenciaría*, 90 D.P.R. 31 (1964); *Angleró Texidor* v. *Jefe Penitenciaría*, 92 D.P.R. 434, 436 (1965). En el caso de autos la penalidad impuesta está dentro de dichos límites.

En algunos estados, como Kansas y Michigan, la ley exige que el juez imponga el máximo. El máximo, razonan algunos, da flexibilidad a la Junta de Libertad Bajo Palabra para determinar cuando es oportuno conceder la libertad y le permite un tiempo largo para supervisar al acusado así liberado y asegurarse de que se ha integrado razonablemente bien a la comunidad. V. Dawson, *Sentencing, The Decision as to Type, Length and Conditions of Sentence* (1969), págs. 196–197.

El segundo señalamiento de error es al efecto de que el tribunal erró al imponer un castigo mayor al decidir sobre una petición de reconsideración. La situación fue como sigue. El tribunal impuso originalmente una sentencia de 6 a 8 años en cada cargo para ser cumplidas concurrentemente. En una segunda moción de reconsideración la defensa argumentó que dicha sentencia era "fija", esto es, que carecía de la flexibilidad que el concepto de sentencias indeterminadas presupone.

■ Ante dicho planteamiento, el juez, para darle un margen mayor de flexibilidad a la sentencia, la enmendó y la dictó de 6 a 9 años. No se cometió el error señalado pues no hay ninguna ilegalidad en ello. En el caso de autos la penalidad mínima era de 5 años y la máxima de 20. Reconsiderada una sentencia el tribunal puede dejarla igual o modificarla. Al modificarla puede reducirla o aumentarla, siempre y cuando, desde luego, que dicha sentencia caiga dentro de los límites del mínimo y del máximo que dispone la ley para el delito en cuestión. *Pueblo* v. *Sánchez Delgado*, 99 D.P.R. 260, 266 (1970); *Santiago* v. *Jones*, 74 D.P.R. 617, 621, 623 (1963).

El apelante, en su propio alegato reconoce que "Es elemental que la ley provee un mínimo y un máximo entre los cuales

el juzgador puede ejercer su discreción." También nos dice "No hay duda de que la tradición es que el magistrado es el árbitro de la sentencia." Desde luego, en los países de derecho legislado como el nuestro las sentencias no se imponen por "tradición" sino en obediencia a disposiciones específicas de la ley.

Al final de su alegato el apelante nos pide, como una posible alternativa, que devolvamos el caso al tribunal de instancia para que sea sentenciado de nuevo a tenor con el Art. 404 de la nueva ley sobre la materia, la Ley de Sustancias Controladas, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 L.P.R.A. sec. 2404. Esto estamos dispuestos a hacerlo.

■ Aunque el apelante fue sentenciado en 4 de mayo de 1970, por estar su apelación pendiente a la fecha de la aprobación de la citada Ley de Sustancias Controladas, se le pueden conceder los beneficios de dicha ley, si las circunstancias del caso así lo justifican. Véase, *Padilla Figueroa* v. *Tribunal Superior*, 101 D.P.R. 933 (1974); *Figueroa Méndez* v. *Tribunal Superior*, 101 D.P.R. 859 (1974); *Pueblo* v. *Nieves Vargas*, 101 D.P.R. 263 (1973).

De conformidad con lo anterior, *se dejarán sin efecto las sentencias dictadas en este caso por el Tribunal Superior, Sala de San Juan, y se ordenará la devolución del caso a dicha Sala para que proceda a resentenciar al peticionario bajo los términos de la vigente Ley de Sustancias Controladas y a la luz de las circunstancias del mismo.*