El Juez Asociado Señor Rivera García
emitió la opinión del Tribunal.
La Sra. Helen Silva Colón (peticionaria) nos solicita la revisión de una sentencia que dictó el Tribunal de Apelaciones. Mediante ese dictamen se desestimó, por tar-dío, el recurso de apelación que esta presentó. El foro ape-lativo intermedio concluyó que una moción presentada por la peticionaria ante el foro primario, luego de emitida una sentencia criminal en su contra, no era propiamente una reconsideración. Por ello, determinó que dicha moción no interrumpió el término para recurrir en apelación.
En ese contexto, este recurso nos brinda la oportunidad de delimitar los contornos de una moción de reconsidera-ción en el ámbito procesal penal. Asimismo, nos permite profundizar sobre los propósitos y el contenido de lo que constituye una moción de rebaja de sentencia al amparo de la Regla 185 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.
Luego de examinar los alegatos de las partes, adelanta-mos que confirmamos la sentencia recurrida, ya que la re-visión se da contra el resultado de esta y no contra sus fundamentos. Pueblo v. Pérez, 159 D.P.R. 554 (2003); Pueblo v. González Vega, 147 D.P.R. 692 (1999). En este caso procedía desestimar la apelación, pero por un fundamento distinto al que empleó el Tribunal de Apelaciones. En lugar *764 de tardía, la apelación era prematura. Para la adecuada atención del recurso de autos, esbozamos los antecedentes fácticos de mayor relevancia y el estado de derecho que fundamenta nuestra determinación.
I
El 11 de marzo de 2009, luego de celebrado el juicio por tribunal de derecho, el foro primario encontró culpable a la señora Silva Colón en doce cargos por infracción a los Arts. 101(2) y (4), 201 y 301 de la Ley Uniforme de Valores, 10 L.P.R.A. sees. 851(2) y (4), 861 y 871. A su vez, el acto para dictar sentencia fue señalado para el 11 de mayo de 2009.
El 13 de abril de 2009, la peticionaria presentó un re-curso de apelación en el que solicitó la revocación del dic-tamen emitido por el foro sentenciador. Sin embargo, como aún no se había dictado sentencia y, por lo tanto, los tér-minos para presentar el recurso de apelación no habían comenzado a transcurrir, el foro apelativo intermedio des-estimó el recurso presentado por prematuro(1)
Luego de varias suspensiones de la vista, el 10 de julio de 2009, el Tribunal de Primera Instancia dictó la corres-pondiente sentencia. En consecuencia, la peticionaria fue condenada a cumplir dieciocho años de reclusión por todos los cargos, sentencia que fue suspendida según el régimen de libertad a prueba. Además, se le impuso una pena especial sin especificación de las cuantías correspondientes a cada uno de los delitos.
Así las cosas, el 13 de julio de 2009, la señora Silva Colón presentó una moción intitulada “Solicitud para que se modifique la imposición de pena especial bajo el artículo 67 del Código Penal”.(2) En su petición cuestionó que la *765 pena especial se le impusiera por cada uno de los delitos, razón por la que el pago total ascendía a $3,600. Además, solicitó que se modificara la pena y que se le impusiera un solo pago de $300 por todos los delitos por los que fue convicta. En respuesta, el foro primario señaló la celebra-ción de una vista para el 2 de septiembre de 2009. No obs-tante, previo a celebrarse esa vista, el 11 de agosto de 2009, la peticionaria presentó una segunda apelación ante el foro intermedio apelativo.(3) En consecuencia, el tribunal de instancia entendió que no podía intervenir en el caso y que la solicitud de modificación quedó en suspenso hasta tanto el foro apelativo resolviera el recurso presentado.(4)
Atendida la petición, el Tribunal de Apelaciones lo des-estimó por considerarlo tardío. Razonó que la moción pre-sentada por la señora Silva Colón luego de emitida la sen-tencia en su contra, no era propiamente una solicitud de reconsideración, por lo que esta nunca interrumpió el tér-mino para apelar. Específicamente, el tribunal a quo ex-presó que al examinar el contenido de la moción que se presentó ante el foro de instancia, no podía concluir que la misma era una solicitud de reconsideración. En la senten-cia notificada el 7 de enero de 2010, el foro intermedio co-ligió que la moción en cuestión se limitaba a solicitar la modificación de la pena especial y no trataba sobre los mé-ritos del fallo o la pena impuesta por los delitos cometidos.(5)
Inconforme con ese dictamen, el 3 de febrero de 2010, la peticionaria acudió ante este Foro mediante el recurso de certiorari de epígrafe, en el cual formula el siguiente seña-lamiento:
Erró el Honorable tribunal de apelaciones al determinar que una moción solicitando la modificación de pena impuesta en *766 una sentencia dictada no puede ser considerada como moción de reconsideración, así interrumpiendo el término para apelar dicha sentencia. Petición de certiorari, pág. IV.
Así las cosas, el 25 de junio de 2010 emitimos una Re-solución en la cual le concedimos un término a la Procura-dora General para que mostrara causa por la cual no de-bíamos expedir el auto solicitado y revocar la sentencia recurrida. En cumplimiento de lo ordenado, la Procuradora General presentó su alegato. Con el beneficio de la compa-recencia de ambas partes, procedemos a resolver.
II
A. La controversia del recurso de autos exige que en-tremos a discutir los propósitos de la moción de reconside-ración al amparo de la Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y su historial, al igual que los propósitos de la Regla 185, supra, sobre modificación o re-baja de sentencia. De igual forma, con relación a estas re-glas, nos debemos expresar sobre la imposición de la pena especial y su alcance sobre la figura de una sentencia en el ámbito penal. Para ello, pasemos a estudiar el historial de la figura de la reconsideración.
En nuestra jurisdicción, el cuerpo procesal criminal no regula expresa y detalladamente la forma de presentar una moción de reconsideración ante el foro de instancia. Lo pertinente a la reconsideración está contenido en la Regla 194 vigente, supra. Sin embargo, es necesario señalar que a esta regla le precedía la derogada Regla 216 que regla-mentaba el procedimiento de las apelaciones del extinto Tribunal de Distrito al Tribunal Superior y hacía referen-cia a la moción de reconsideración. (6)
*767 En 1979, la Asamblea Legislativa aprobó la Ley Núm. 13 de 6 de febrero de 1979 (34 L.P.R.A. Ap. II), recono-ciendo que ni en la Regla 216, “ni en ninguna otra de las Reglas de Procedimiento Criminal [se] nos habla[ba] de los efectos [de la] moción de reconsideración [sobre] una sen-tencia condenatoria dictada”.(7) Mediante esta legislación, se enmendó el inciso B de la referida regla para establecer que una moción de reconsideración tenía el efecto de inte-rrumpir el término para presentar el escrito de apelación. (8)
Años más tarde, con la reforma judicial adoptada por la Ley de la Judicatura de Puerto Rico de 1994, Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, fue necesario atemperar las reglas procesales a la nueva estructura judicial. Así, por medio de la Ley Núm. 251-1995 (34 L.P.R.A. Ap. II), la Regla 216 fue derogada en su totalidad y se aprobó un nuevo texto para establecer el procedimiento de reconsideración a partir de una resolución final o sentencia del Tribunal de Apelaciones. Mediante el referido estatuto, también se enmendó la Regla 194 para establecer el procedimiento por el cual se puede formalizar un recurso apelativo en el ámbito penal. Además, se prescribieron las consecuencias de presentar una moción de reconsideración en los tribunales de instancia. A esos efectos, la actual Regla 194 dispone, en lo pertinente, que
[s]i cualquier parte solicitare la reconsideración de la sen-tencia dentro del término improrrogable de quince (15) días *768 desde que la sentencia fue dictada, el término para radicar el escrito de apelación o de certiorari quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración. 34 L.P.R.A. Ap. II.
Ahora bien, debemos puntualizar que el vigente esquema procesal penal no cuenta con más especificaciones sobre el alcance de una solicitud de reconsideración de una sentencia dictada por el foro primario. Empero, es ampliamente conocido que los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte o motu proprio, mientras conserven jurisdicción sobre los casos. Pueblo v. Román Feliciano, 181 D.P.R. 679 (2011). Según hemos señalado, “ ‘[e]l objetivo principal de una moción de reconsideración es dar una oportunidad a la corte que dictó la sentencia o resolución cuya reconsideración se pide, para que pueda enmendar o corregir los errores en que hubiese incurrido al dictarla’ ”. Lagares v. E.L.A., 144 D.P.R. 601, 609 (1997), citando a Dávila v. Collazo, 50 D.P.R. 494, 503 (1936).
Cónsono con lo enunciado, el mecanismo de la reconsideración sirve para permitirle a la parte afectada por una resolución, orden interlocutoria, sentencia final o dictamen posterior, solicitarle al tribunal adjudicador que modifique o deje sin efecto el dictamen en controversia. Pueblo v. Román Feliciano, supra.
Por otro lado, hoy reiteramos la doctrina general de que los tribunales, “antes de que la sentencia haya sido ejecutada, tienen autoridad para reconsiderarlas y modificarlas, bien mitigando o aumentando la pena impuesta”. (Énfasis nuestro.) Pueblo v. Carbone, 59 D.P.R. 610, 617 (1941). Como hemos pronunciado, los tribunales pueden ejercer esta facultad a solicitud de parte interesada o motu proprio para ajustarlas a la ley, tanto para corregir un error en el que hayan incurrido al imponerlas, como para *769 ajustarlas a cualquier situación de hechos que prueben una u otra parte. Id.
De igual forma, hemos reconocido que esta facultad no se debe ejercitar arbitrariamente sin que exista un motivo justificado, ya que existe la presunción de que cuando un tribunal dicta su sentencia lo hace considerando todos los hechos concurrentes probados. Pueblo v. Carbone, supra.
Así, durante la vigencia del Código de Enjuiciamiento Criminal y antes de la aprobación de las Reglas de Procedimiento Criminal, este foro judicial expresó que la facultad de reconsiderar la sentencia está restringida por ciertas normas, a saber:
(1) Que el sentenciado debe encontrarse todavía bajo la cus-todia del tribunal sentenciador, sin haber empezado a cumplir ninguna parte de la sentencia original;
(2) Que la reconsideración no se produzca a menos que un error en el nombre, en la pena impuesta, o en la aplicación de la ley a los hechos probados en el proceso, justifiquen la recon-sideración de la sentencia original;
(3) Que existan ciertas circunstancias que justifiquen la mi-tigación o la agravación de la sentencia(9)
Ahora bien, en Pueblo v. Valdés Sánchez, 140 D.P.R. 490 (1996), aclaramos que la reconsideración de la sentencia se extiende, tanto a la pena como al fallo condenatorio. En esa ocasión, luego de que el Tribunal de Distrito absolviera al acusado a consecuencia de una solicitud de reconsideración de su fallo, el Ministerio Público presentó un recurso de certiorari. En su petición alegó que el foro de instancia erró al declarar “con lugar” la moción de reconsideración del convicto y al ordenar que fuese absuelto, ya que ello contravenía lo dispuesto en la Regla 185 de Procedimiento Criminal, supra. Por su parte, el acusado se opuso al alegar que la derogada Regla 216(b) de Procedimiento Criminal permitía que el juez reconsiderara su *770 fallo y, al así proceder, el juez actuó conforme a los pará-metros estatutarios de la misma.
Así, pues, en ese caso, vislumbrando la vigencia próxima de la Ley Núm. 251-1995, supra, que vendría a aprobar la actual Regla 194, aclaramos que el fallo y la sentencia son dos figuras distintas que en ocasiones se entremezclan. Remitiéndonos al historial legislativo de la derogada Regla 216(b), interpretamos que al adoptar el término “Sentencia”, el legislador se refirió también al fallo condenatorio. Razonamos allí que, además de la sentencia, la reconsideración se extiende a los méritos de la contro-versia y, por ende, a la determinación o fallo de culpabilidad. Concluimos que no podíamos limitar la soli-citud de reconsideración de la sentencia a la legalidad o severidad de la pena. Esto porque al así actuar, habríamos avalado que la reconsideración tuviera exactamente los mismos propósitos de la Regla 185 de Procedimiento Criminal, supra, coñvirtiendo a esta última en un proceso re-petitivo e innecesario.
Al establecer que la solicitud de reconsideración incluye, tanto a la pena como al fallo condenatorio, aclaramos los límites de esta figura procesal. A su vez, esta interpreta-ción de la función dual de la solicitud de reconsideración nos permite arrojar luz por primera vez sobre una disyun-tiva que ha permanecido latente hasta este momento: si una solicitud de modificación de la pena constituye, a los efectos, una moción de rebaja de sentencia según la Regla 185 y si, además, podemos considerarla como una solicitud de reconsideración. Veamos entonces las delimitaciones y los propósitos de la moción de corrección de sentencia de acuerdo con la Regla 185.
B. Como es sabido, en nuestro ordenamiento procesal, la sentencia es el pronunciamiento judicial de la pena que se le impone al acusado tras un fallo o veredicto de culpabilidad. Pueblo v. Martínez Lugo, 150 D.P.R. 238 (2000). De igual forma, el esquema procesal provee para *771 que una vez se dicte sentencia en un caso, el tribunal mo-difique su dictamen si se cumplen ciertas condiciones.
El texto de la precitada Regla 185, según enmendada, prescribe lo siguiente:
(a) Sentencia ilegal; redacción de la sentencia. El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días des-pués de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de certiorari.
(b) Errores de forma. Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expe-diente que surjan por inadvertencia u omisión podrán corre-girse por el tribunal en cualquier momento, y luego de notifi-carse a las partes, si el tribunal estimare necesaria dicha notificación.
(c) Modificación de sentencia. El tribunal podrá modificar una sentencia de reclusión en aquellos casos que cumplan con los requisitos de la see. 4732 del Título 33 y de la Ley del Mandato Constitucional de Rehabilitación, sees. 1611 a 1616 del Título 4. (Énfasis nuestro.) 34 L.P.R.A. Ap. II (Sup. 2011).
Es meritorio señalar que esta disposición tiene su ori-gen en la Regla 35 de Procedimiento Criminal Federal.(10) En el ámbito federal, esta regla determina lo relacionado a la corrección y la reducción de una sentencia.
Al examinar su trasfondo histórico, observamos que esta regla cubría tres situaciones distintas, a saber: pro-veía para la corrección de una sentencia ilegal, así como para la corrección de una sentencia impuesta de manera *772 ilegal, y, además, autorizaba a la corte a reducir una sen-tencia legal, si luego de reflexionar con relación a la misma creía que la pena impuesta había sido demasiado severa(11) Específicamente, la Regla 35(b) de Procedi-miento Criminal Federal le daba la facultad al tribunal de distrito federal para reducir una sentencia legal si por al-guna razón concluía que la sentencia originalmente im-puesta era excesivamente severa(12) De acuerdo con esta disposición, la moción de reducción de la sentencia consti-tuía, esencialmente, una solicitud de clemencia dirigida a la discreción del foro sentenciador(13)
Sin embargo, mediante la Ley de Reforma de Senten-cias (Sentencing Reform, Ací)(14) que el Congreso aprobó en 1987, se modificó completamente la Regla 35. El efecto de estas enmiendas resultó en que la única circunstancia en que la sentencia se puede reducir es cuando el acusado *773 coopere con el Estado y este último presente una moción para solicitar esta reducción.(15)
De igual forma, al presente, la regla autoriza a los tribunales de distrito federal a corregir la sentencia, si con-tiene errores técnicos patentes, dentro de los catorce días después de emitida. En consecuencia, desde las enmiendas de 1987, la defensa ya no puede utilizar la Regla 35 para solicitar la corrección de una sentencia aduciendo que esta era ilegal o que fue impuesta ilegalmente.(16) Así, tampoco se puede utilizar esta regla para solicitar la reducción de una sentencia legal.
Actualmente, varias jurisdicciones mantienen el es-quema de la regla federal previo a las enmiendas de 1987 y permiten la presentación de una moción de reducción de la *774 sentencia legal por un periodo de ciento veinte días, mien-tras otras lo extienden por un periodo de hasta un año.(17) En Puerto Rico, como vemos, igualmente seguimos el anti-guo modelo de la Regla 35, por lo que es posible corregir la sentencia ilegal en cualquier momento. Al igual que la pre-via Regla 35 federal, la Regla 185 permite rebajar una sen-tencia legalmente válida.
Como hemos advertido, el proceso provisto por esta disposición constituye el mecanismo adecuado para corregir o modificar la pena impuesta cuando la sentencia es ilegal, tiene errores de forma, se ha impuesto un castigo distinto al previamente establecido, o cuando por razones justicieras amerita que se reduzca la pena impuesta. Pueblo v. Martínez Lugo, supra. Sin embargo, debemos enfatizar que a través de la Regla 185 de Procedimiento Criminal, supra, no es posible variar o dejar sin efecto los fallos condenatorios. Id. Véase Pueblo v. Valdés Sánchez, supra.
En lo pertinente a la controversia de autos, debemos distinguir entre las dos situaciones presentadas como con-secuencia del inciso (a) de la Regla 185 de Procedimiento Criminal, supra. Primero, cuando la sentencia es válida, dictada conforme a derecho, y, segundo, cuando la senten-cia es ilegal, nula o defectuosa. Pueblo v. Tribunal Superior, 91 D.P.R. 539, 540-541 (1964).
En el supuesto de la sentencia ilegal, hemos señalado que esta es la que un tribunal dicta sin jurisdicción o autoridad, en abierta contravención al derecho vigente. Pueblo v. Lozano Díaz, 88 D.P.R. 834, 838 (1963); E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1993, Vol. III, pág. 562. Por consiguiente, una sentencia dictada así es nula e inexistente, ya que los estatutos de penalidad son jurisdiccionales. Pueblo v. Lozano Díaz, supra. Una actuación judicial inválida no debe conllevar consecuencias *775 legales. íd. Por ello, la citada regla permite que el tribunal corrija, en cualquier momento, una sentencia que adolezca de ilegalidad. Pueblo v. Martínez Lugo, supra; Pueblo v. Casanova Cruz, 117 D.P.R. 784 (1986). Esta corrección la puede hacer el tribunal sua sponte, independientemente de si el convicto empezó a extinguir la sentencia. Pueblo v. Castro Muñiz, 118 D.P.R. 625, 653 (1987). Incluso, “la fa-cultad del tribunal para corregir una sentencia ilegal se extiende a aumentar la pena, en situaciones en que la pena más benigna originalmente impuesta era contraria a la le/’. Chiesa Aponte, op. cit, pág. 562.
Por otro lado, una sentencia legal es aquella que se dicta dentro de las facultades y los poderes del tribunal sentenciador. Pueblo v. Lozano Díaz, supra, pág. 838. Por eso, debemos resaltar que la Regla 185(a) de Procedimiento Criminal, supra, provee para que en los casos en que la sentencia dictada por el tribunal sea legal, por causa justificada y en bien de la justicia, esta se pueda reducir si se presenta una solicitud dentro de un término de noventa días de haberse dictado o dentro de los sesenta días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación, o de haberse recibido una orden que denegó una solicitud de certiorari. Cabe señalar que una vez transcurren los términos de esa regla y expiran los plazos para presentar reconsideración, apelación, certiorari o relevo de sentencia, la sentencia dictada válidamente advendrá final y firme.
C. Por otro lado, el Art. 17 de la Ley para la Compensación a Víctimas de Delito(18) añadió el Art. 49(C) al derogado Código Penal de 1974(19) para disponer que, además de la pena que se imponga por cometer un delito, el tribunal impondrá a todo convicto una pena especial equivalente a $100 por cada delito menos grave y $300 por *776 cada delito grave, las cuales se pagarían mediante los co-rrespondientes sellos de rentas internas. Las cantidades recaudadas serán ingresadas al Fondo Especial de Com-pensación a Víctimas de Delito y se utilizarían para bene-ficiar a las víctimas de delitos y a sus familiares, según lo dispone la ley y el reglamento.
Dicha Ley creó la Oficina de Compensación a Víctimas de Delito y, además, enmendó la Ley de la Junta de Liber-tad bajo Palabra,(20) la Ley Orgánica de la Administración de Corrección(21) y la Ley de Sentencia Suspendida. (22) Por eso, es importante enfatizar que la satisfacción de esta pena especial es requisito previo a la participación del con-victo en programas de desvío y rehabilitación de la Admi-nistración de Corrección, en hogares de adaptación social, y para la concesión de una libertad a prueba. D. Nevares-Muñiz, Código Penal de Puerto Rico, 3ra ed. rev., San Juan, Ed. Inst. Desarrollo del Derecho, 2008, pág. 99.
Con la adopción del Nuevo Código Penal, 33 L.P.R.A. sec. 4629 et seq., la pena especial fue clasificada como una de las penas aplicables a las personas naturales,(23) y está estatuida en el Art. 67. Específicamente, este artículo expresa que:
Además de la pena que se impone por la comisión de un delito, el tribunal impondrá a todo convicto una pena especial equivalente a cien dólares ($100), por cada delito menos grave y trescientos dólares ($300) por cada delito grave. La pena aquí dispuesta se pagará mediante los correspondientes sellos de rentas internas. Las cantidades así recaudadas ingresarán al Fondo Especial de Compensación a Víctimas de Delito. 33 L.P.R.A. see. 4695.
*777 III
No nos persuade la argumentación del Procurador General en la que aduce que la moción de reconsideración tiene el propósito de que el foro sentenciador revalúe la totalidad del dictamen para determinar si incurrió en al-gún error que pueda subsanar.
Opinamos que la petición de reconsideración de la sentencia, según históricamente se ha conceptualizado, recae sobre la sentencia y el fallo. Véase Pueblo v. Valdés Sánchez, supra. Recordemos, pues, que la palabra “sentencia” significa el pronunciamiento que hace el tribunal en cuanto a la pena que se le impone al acusado. Chiesa Aponte, op. cit, pág. 520. Del mismo modo, el fallo es el pronunciamiento que el tribunal hace, mediante el cual condena o absuelve al acusado. íd.
En atención al marco jurídico enunciado, es forzoso colegir que la pena especial impuesta es inextricablemente parte de la sentencia. Es decir, es parte de ese pronunciamiento que hace el tribunal que condena al acusado a compensar, de alguna forma, el daño causado. La intención específica de que los fondos obtenidos por medio de la imposición de esta pena estén destinados al Fondo Especial de Compensación a Víctimas de Delito, no hace a esta pena ajena al resto de las penas aplicables a las personas naturales convictas de delito que sean sentenciadas. No podemos entonces fraccionar la sentencia cuando se peticiona su modificación, específicamente en cuanto a su pena especial. Por lo tanto, es preciso concluir que al solicitar la modificación de la pena especial, a su vez, se está solicitando la modificación de la sentencia.
Ahora bien, al colegir que la pena especial que prescribe el Art. 67 del Código Penal de 2004, supra, constituye parte de la sentencia, nos corresponde resolver la controversia medular en el caso de autos. Esta consiste en si procede *778 una petición de modificación de la pena especial como una reconsideración de la sentencia de acuerdo con la Regla 194 de Procedimiento Criminal, supra. Veamos.
Durante la vigencia de las Reglas de Procedimiento Criminal se ha utilizado la reducción o corrección de la sen-tencia por “fundamentos de justa causa y en bien de la justicia” por medio de la reconsideración. Pueblo v. Cubero Colón, 116 D.P.R. 682, 684 (1985). A través de los procedi-mientos de este Tribunal, hemos avalado implícitamente el proceder que conjuga los medios procesales, según provis-tos en nuestras Reglas de Procedimiento Criminal.(24)
Sostenemos, pues, que una petición de modificación de la pena impuesta legalmente es, en esencia, una solicitud de reconsideración de la sentencia. En ese contexto, la naturaleza de esta solicitud es una apelación a la clemencia del foro juzgador para que vuelva a considerar, según su criterio, lo que ya dispuso. Por lo tanto, la solicitud de modificación de la pena especial es, de por sí, una reconsideración.
De este modo, concluimos que presentar la solicitud de modificación de la pena especial dentro de los términos dispuestos en la Regla 194 de Procedimiento Criminal, supra —ya sea para corregirla porque tiene defectos de forma, es ilegal o se solicita su rebaja por causa justificada y en bien de la justicia— tendrá el ineludible efecto de interrumpir el término para presentar el escrito de apelación o de certiorari.
*779 Por consiguiente, en lo que se refiere a la solicitud de reducción de la sentencia por el bien de la justicia, trans-currido el término de quince días de dictada la sentencia, el convicto tiene la oportunidad de solicitar la modificación de la sentencia legal según los términos provistos en la Regla 185(a) de Procedimiento Criminal, supra. Esto, claro está, no tendrá el efecto de interrumpir los términos para apelar, pues la solicitud se presentó fuera del término im-prorrogable que establece la Regla 194 de Procedimiento Criminal, supra, para presentar una moción de reconsideración.
Razonamos, pues, que el vehículo procesal para solicitar la modificación de una sentencia puede ser la reconsideración al amparo de la Regla 194. Entendemos que al adjudicar las controversias debemos interpretar las leyes que entran enjuego de forma integral, armonizándolas y sopesando sus disposiciones para lograr el resultado más lógico y razonable posible. Pueblo v. Cortés Rivera, 142 D.P.R. 305, 317 (1997).(25)
Concebimos que estas disposiciones no se contradicen. Ello, pues es clara la intención del legislador de extender la solicitud de reconsideración de la sentencia, tanto a la pena —que es lo que correctamente constituye una senten-cia— como al fallo condenatorio. El hecho de que según la *780 Regla 185 de Procedimiento Criminal, supra, exista la po-sibilidad de solicitar la reducción de una sentencia legal-mente impuesta por razones justicieras, no excluye que el vehículo procesal para así solicitarlo pueda ser la reconsi-deración, pues la naturaleza de la petición de modificación es, en sí, un llamado a volver a considerar, sin obviar el estado de derecho y la doctrina jurisprudencial que hemos esbozado.
En este caso, la parte peticionaria presentó una moción titulada “Solicitud para que se modifique la imposición de pena especial bajo el artículo 67 del Código Penal” tres días después de que se dictara una sentencia condenándola a cumplir dieciocho años en probatoria y el pago de Pena Especial. Al examinar el contenido de la moción, se deduce la clara intención de la defensa de solicitar la rebaja de la pena especial para que no excediera de $300. En conse-cuencia, concluimos que esta petición de modificación de la pena constituye una solicitud de reconsideración de la sen-tencia dictada por el foro primario.
Al haberse presentado dentro de los quince días que dis-pone la Regla 194 de Procedimiento Criminal, supra, es forzoso concluir también que la solicitud de modificación de la pena interrumpió el término para apelar ante el foro apelativo intermedio. Resolvemos que erró el foro a quo al no interpretar que la solicitud de modificación de pena especial es, para todos los efectos, una solicitud de modifica-ción de la sentencia impuesta y, por lo tanto, una petición de reconsideración.
IV
Por los fundamentos que anteceden, expedimos el auto de certiorari solicitado y confirmamos la sentencia que emitió el Tribunal de Apelaciones, aunque por un funda-mento distinto. Procedía desestimar la apelación presen-tada allí, por prematura. En consecuencia, el Tribunal de *781 Primera Instancia retiene jurisdicción para resolver la so-licitud de reconsideración de la pena especial presentada por la convicta Silva Colón en conformidad con lo aquí pautado.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez concu-rrió con la decisión por entender que con este proceder se suple el vacío legislativo referente al aspecto interruptor de una moción de modificación de sentencia de la Regla 185 de Procedimiento Criminal. El Juez Asociado Señor Kolthoff Caraballo no intervino.

 Véase Apéndice de la Petición de certiorari, págs. 61-65.

 íd., pág. 17.

 En su recurso, la peticionaria se adentró en los méritos del fallo condenatorio y de las penas impuestas.

 Véase Anejo I del Alegato de la Procuradora General.

 Véase Apéndice de la Petición de certiorari, pág. 7.

 En su inciso (j), la Regla 216 disponía, en lo pertinente:
“Cualquier parte perjudicada por una sentencia dictada en cualquier procedi-miento de apelación podrá, dentro del término improrrogable de quince días desde la fecha del archivo en autos de la notificación de la sentencia, radicar en la sala del *767 Tribunal Superior que la hubiere dictado una moción interesando la reconsideración de la sentencia, haciendo constar en ella los fundamentos de su solicitud(Énfasis nuestro.)

 Véase Exposición de Motivos de la Ley Núm. 13 de 6 de febrero de 1979 (1979 Leyes de Puerto Rico 26, 27).

 Específicamente, la anterior Regla 216(b), 34 L.P.R.A. Ap. II, según entonces enmendada, expresaba, entre otras cosas, que “[s]i se solicitare la reconsideración de la sentencia, el término para radicar el escrito de apelación quedará interrumpido

 Véanse: Pueblo v. Lozano Díaz, 88 D.P.R. 834, 837 (1963); Santiago v. Jones, 74 D.P.R. 617, 620 (1953).

 Antes de ser enmendada, originalmente desde 1936 esta regla disponía como sigue:
“Correction or Reduction of Sentence. The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment of dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari.” W.M. Whitman, Federal Criminal Practice under the Federal Rules of Criminal Procedure, Nueva York, Mathew Bender & Company, 1950, pág. 258.

 La regla aplicable a las ofensas cometidas antes del 1 de noviembre de 1987 establecía lo siguiente:
“ ‘(a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
“ ‘(b) Reduction of Sentence. Amotion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court, denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.’ ” (Enfasis suplido.) 3 Wright, Federal Practice and Procedure: Criminal 4th Rule 35 n., pág. 587 (2011).
Son evidentes las múltiples enmiendas de esta regla. Las de 1966 y 1979 hicie-ron cambios leves y dividieron la regla para que la corrección de la sentencia se tratara en la subdivisión (a) y lo referente a la reducción en la (b). Posteriormente, luego de las enmiendas de 1987, en 1991 se le añadió un inciso (c) para permitir al foro sentenciador corregir dentro de siete días errores técnicos obvios de la sentencia. En el 2009 se borró esta subdivisión y se enmendó la subdivisión (a) para otorgar un periodo de catorce días para corregir este tipo de errores. Id., Sees. 611-612, págs. 589-591.

 íd., See. 617, págs. 619-621.

 íd.

 P.L. No. 98-473, 98 Stat. 1987.

 Wright, supra, págs. 589-591.
Actualmente, la citada regla expresa lo siguiente:
“(a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
(b) Reducing a Sentence for Substantial Assistance.
(1) In General. Upon the government’s motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
(2) Later Motion. Upon the government’s motion made more than one year after sentencing, the court may reduce a sentence if the defendant’s substantial assistance involved:
(A) information not known to the defendant until one year or more after sentencing;
(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
(3) Evaluating Substantial Assistance. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant’s presentence assistance.
(4) Below Statutory Minimum. When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.
(c) “Sentencing” Defined. As used in this rule, ‘sentencing’ means the oral announcement of the sentence.” Wright, supra, pág. 586.

 La petición de corrección de una sentencia ilegal se puede hacer mediante apelación o presentando una moción al amparo de 28 U.S.C.A. see. 2255.

 A.W. Campbell, Law of Sentencing, 3ra ed., 2004, Sec. 14:1, pág. 569.

 Ley Núm. 183-1998 (1998 Leyes de Puerto Rico 722, 734).

 33 L.P.R.A. ant. see. 3214.

 Ley Núm. 118 de 22 de junio de 1974 (4 L.P.R.A. see. 1501 et seq.).

 Ley Núm. 116 de 22 de julio de 1974 (4 L.P.R.A. sec. 1101 et seq.).

 Ley Núm. 259 de 3 de abril de 1946 (34 L.P.R.A. see. 1027 et seq.).

 Véase Art. 49 del Código Penal, 33 L.P.R.A. see. 4677.

 En Pueblo v. Cubero Colón, 116 D.P.R. 682, 684 (1985), interpretando la Regla 185 expresamos que “[b]ajo los fundamentos de justa causa y en bien de la justicia, no vemos razón alguna por la cual —si un tribunal conserva u obtiene jurisdicción— en virtud de una solicitud de reconsideración dentro de los noventa (90) días, como la hecha en este caso, no puede alterar el modo en que habrá de cumplirse”. (Énfasis nuestro.) También, en Pueblo v. Camacho Pérez, 102 D.P.R. 129, 132 (1974), señalamos que “[rjeconsiderada una sentencia [en un procedimiento criminal, el juez sentenciador] puede dejarla igual o modificarla”. Igualmente, en Pueblo v. Sánchez Delgado, 99 D.P.R. 260 (1970), indicamos que un juez sentenciador tiene autoridad para reconsiderar una sentencia dictada en un caso criminal e impo-ner una pena mayor cuando el acusado está todavía bajo custodia judicial.

 A estos efectos, es prudente señalar que el Primer Circuito determinó que una moción para “corregir la sentencia” en la que se imputaba que la corte de distrito había cometido errores aritméticos al imponer la sentencia, tiene el efecto de inte-rrumpir los términos para ir en apelación. Así, la identificó como una moción al amparo de la entonces vigente Regla 35. Específicamente, dicho foro expresó:
“It stands to reason that, if a sentence is infected by clear error, a timely motion seeking to correct it — at least a motion which, like this one, seeks to shrink the incarcerative portion of the sentence and, thus, carries the potential to affect substantive rights — fits the Healy mold. Forcing a party to press ahead with an appeal while such a motion is pending would countervail the principles of efficacy and judicial economy that undergird Healy. Consequently, we hold that when, as now, a party to a criminal case files a timely motion under Fed.R.Crim.P. 35(c), asking the sentencing court to reconsider an issue in the case in a way that will, if successful, bring about an alteration of the defendant’s substantive rights, then the filing of that motion renders the judgment nonfinal for purposes of appeal.” (Enfasis en el original.) U.S. v. Morillo, 8 F.3d 864, 868-869 (1er Cir. 1993).